**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

PHH MORTGAGE CORPORATION,

Plaintiff, 1:25-cv-1683 (ECC/DJS)

v.

MICHAEL J. RADCLIFFE a/k/a MICHAEL RADCLIFFE.; "JOHN DOE #1" through "JOHN DOE #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.

---

Jason W. Creech, Esq., *for Plaintiff*
Michael J. Radcliffe, *pro se Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff PHH Mortgage Corporation (Plaintiff) brings this diversity action to foreclose on a mortgage encumbering 51 Elka Park Road, Elka Park, New York 12427 in Greene County (the Subject Property) against Defendant Michael J. Radcliffe a/k/a Michael Radcliffe (Radcliffe or Defendant) pursuant to Article 13 of the New York Real Property Actions and Proceeding Law (RPAPL). *See* Complaint (Compl.), Dkt. No. 1, ¶¶ 1, 3, 4, 6. The Clerk of the Court issued an entry of default against Defendant on March 12, 2026. *See* Dkt. No. 12.[1] On April 9, 2026,

---

[1] Plaintiff also brought this action against "John Doe #1" through "John Doe #12," but now seeks to remove these defendants. *See* Declaration of Eric Sheidlower, Esq. (Sheidlower Decl.) ¶ 24, Dkt. No. 16-2. Given that none of the Doe defendants have been identified and served with the

Plaintiff filed a motion for default judgment, and due to a filing deficiency, an amended motion for default judgment was filed on April 17, 2026.[2] *See* Dkt. Nos. 15, 16. Defendant appeared on the docket on June 3, 2026. *See* Dkt. No. 18.

Presently before this Court is Plaintiff's amended motion for default judgment, Dkt. No. 16, and Defendant's motion to vacate the entry of default, dismiss the complaint, and file a late answer, Dkt. No. 29. For the following reasons, Defendant's motion is granted in part and denied in part, and Plaintiff's motion is denied.

## I. FACTS[3]

Plaintiff is a New Jersey corporation with its principal office located in Mount Laurel, New Jersey. *See* Compl. ¶ 2.

On June 21, 2005, Radcliffe executed and delivered a promissory note in the principal amount of $448,000.00 (the Note) to Delta Funding Corporation, secured by a mortgage on the Subject Property (the Mortgage), to Mortgage Electronic Registration Systems, Inc. *See* Compl. ¶ 8(a); Note, Dkt. No. 1-2; Mortgage, Dkt. No. 1-3. On July 29, 2005, the Mortgage was duly recorded with the Greene County Clerk in Book 2111 at Page 177. *See* Compl. ¶ 8(a). Thereafter, on June 20, 2007, the Mortgage was assigned from Mortgage Electronic Registration Systems,

---

summons and complaint and that it has been more than ninety days since the complaint has been filed, the Doe defendants are dismissed. *See* Fed. R. Civ. P. 4(m).

[2] Several of the exhibits Plaintiff filed in support of the amended motion direct the Court to cross-reference previously filed exhibits, many of which appear on the docket as cross-references to exhibits filed even earlier. As previously explained, counsel may not refer to previously filed exhibits, but must instead file a document as an exhibit with each filing it supports. *See PHH Mortg. Corp. v. Aquilo et al.*, No. 25-cv-1182, Dkt. No. 22. If Plaintiff disregards this instruction again, the filing supported by such improper references will be denied with leave to amend due to filing deficiencies (as occurred with the motion for default judgment). *See* Dkt. Nos. 15, 16.

[3] The following facts are drawn from Plaintiff's complaint, supporting affidavit, and accompanying exhibits, and are accepted as true for the purposes of this motion.

Inc. as nominee for Delta Funding Corporation to HSBC Bank USA, N.A., as Indenture Trustee for the registered Noteholders of Renaissance Home Equity Loan Trust 2005-3, Renaissance Home Equity Loan Asset-Backed Notes, Series 2005-3, by Assignment of Mortgage recorded January 24, 2008 in Book 2530 at Page 44. *See* Compl. ¶ 8(b); Dkt. No. 1-4. The Mortgage was subsequently assigned to PHH Mortgage Corporation by Assignment of Mortgage recorded August 8, 2025 in Instrument Number M2025-1558. *See* Compl. ¶ 8(b); Dkt. No. 1-4.

Under the Note, Radcliffe was obligated to make monthly principal and interest payments totaling $2,726.44, plus taxes and insurance, starting on August 1, 2005. *See* Note ¶ 3. If Radcliffe failed to make a payment on the date a monthly payment was due, Radcliffe would be in default. *See id.* at ¶ 6(B). If Radcliffe defaulted, the Note holder could exercise the right to force immediate payment of the full amount of the remaining principal and "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law," including reasonable attorneys' fees. *Id.* at ¶¶ 6(C), (E).

Plaintiff alleges that Radcliffe defaulted under the Mortgage by failing to make the required monthly payments since February 1, 2025, leaving an outstanding principal balance of $282,808.26 ($234,056.86 in unpaid principal and $48,751.40 in deferred principal). *See* Compl. ¶ 15; Sheidlower Decl. ¶ 19. On March 14, 2025, Plaintiff mailed a 90-day Notice pursuant to RPAPL § 1304 to Radcliffe via First-Class Mail and Certified Mail, and filed the 90-day Notice with the New York State Department of Financial Services in accordance with RPAPL § 1306(2). *See* Compl. ¶ 18; *see also* Dkt. No. 1-6.

On December 1, 2025, Plaintiff commenced this action to foreclose on the Subject Property. *See* Compl. ¶ 15. According to an affidavit of service filed on January 16, 2026, service was attempted on Radcliffe on December 10, 13, 16, and 17, 2025, and the summons, complaint,

and certificate of merit were affixed to his door and mailed to him on December 17, 2025. *See* Dkt. No. 6. Defendant failed to appear, and on March 12, 2026, the Clerk of the Court entered a Certificate of Default against him. *See* Dkt. No. 12.

## II. MOTION TO VACATE ENTRY OF DEFAULT

Defendant argues that the Clerk's entry of default should be vacated because his default was not willful, Plaintiff has not identified any cognizable prejudice, and Defendant has a meritorious defense. *See* Dkt. Nos. 29 at 3, 38 at 4–9.[4] Plaintiff takes the position that Defendant failed to establish that his default was not due to his own willful neglect, Plaintiff would be prejudiced by vacating the entry of default, and Defendant failed to establish a meritorious defense. Dkt. No. 33 at 11.

"As an initial matter, '[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants.'" *Gilead Scis., Inc. v. Safe Chain Sols., LLC*, No. 21-cv-4106, 2026 WL 1899866, at *15 (E.D.N.Y. May 16, 2026), *report and recommendation adopted*, (E.D.N.Y. July 2, 2026) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)). "'The scope of the solicitude afforded may vary depending on the procedural context and the demands placed by that context upon the inexperienced litigant.'" *Id.* (quoting *Tracy*, 623 F.3d at 102).

As the Second Circuit has explained:

> Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain an entry of default. When a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention. In such circumstances Rule 55(a) empowers the clerk of court to enter a default. The next step requires the plaintiff to seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to

[4] Unless otherwise noted, citations to page numbers refer to pagination generated by the ECF system.

> appear. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment.

*Priestley v. Headminder, Inc.*, 647 F.3d 497, 504–05 (2d Cir. 2011).

Regarding the first step, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define 'good cause,' the Second Circuit has established:

> three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. [ ]. Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result.

*Gilead Scis., Inc.*, 2026 WL 1899866, at *15 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "Importantly, '[b]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party'; '[i]n other words, "good cause" and the criteria of the Rule 60(b) set aside should be construed generously.'" *Id.* (quoting *Enron Oil*, 10 F.3d at 96). "'[A]ll doubts must be resolved in favor of the party seeking relief.'" *Id.* (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

"'When the question is one of setting aside a default—as opposed to a default judgment—these factors are assessed less rigorously, because there are fewer concerns about the concepts of finality and litigation repose.'" *Id.* at *16 (quoting *U.S. Commodity Futures Trading Comm'n v. Safety Cap. Mgmt., Inc.*, No. 15-cv-5551, 2017 WL 3236441, at *2 (E.D.N.Y. July 31, 2017), *report and recommendation adopted*, (E.D.N.Y. July 31, 2017)). "Additionally, 'the Court should

grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*.'" *Id.* (quoting *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 188 (E.D.N.Y. 2025)) (cleaned up).

**A. Willfulness**

Defendant argues that his default was not willful because "[e]xpecting a lawsuit to arrive [at his P.O. Box] where every other notice arrived is not contempt for this Court." Dkt. No. 38 at 7. Plaintiff argues that Defendant has "failed entirely to establish that his default was not due to his own willful neglect." Dkt. No. 33 at 11.

"Willfulness 'is the most significant factor' but is not dispositive." *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (quoting *In re Orion HealthCorp., Inc.*, 95 F.4th 98, 104 n.4 (2d Cir. 2024)). "Willfulness in this context 'looks to egregious or deliberate conduct' that 'was not satisfactorily explained.'" *Id.* (quoting *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023) and *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). Furthermore, "'the relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default.'" *Gilead Scis., Inc.*, 2026 WL 1899866, at *16 (quoting *Haran v. Orange Bus. Servs. Inc.*, No. 21-cv-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022)) (alteration omitted). "'Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful.'" *Id.* (quoting *Haran*, 2022 WL 2306945, at *2) (additional quotations omitted).

Here, the entry of default was based on Defendant's failure to litigate. Defendant states that the entry of default should be vacated because he "was not properly served." Dkt. No. 29 at 3. Defendant explains that he found "some papers taped to our front door," when "it was cold and windy, [with] loose papers blowing all over," leading him to discard the papers that remained "for

the package was incomplete, figuring if anything we'd get in the mail via the US Postal Service," and that he uses a post office box for his mailing address. Dkt. No. 29 at 3–5. "Several months passed when I asked an associate in legal aid to look up the court records and see if there was anything," and "[s]oon as I received word, I took the matters into my own hands, filing with the court asking to be contacted via email."[5] Dkt. No. 29 at 3. Since Defendant filed his June 3, 2026 letter, Dkt. No. 18, he has filed letters on the docket, *see, e.g.*, Dkt. Nos. 22, 24, 27, 29, 36, as well as joint submissions for extension requests with Plaintiff, *see* Dkt. Nos. 31, 34. In sum, after the delay, Defendant promptly responded to the entry of default by filing a motion to vacate, suggesting that he has not abandoned this litigation.

"'This Circuit's preference for adjudicating disputes on the merits, and [Defendant's] apparent desire to do so through [his] participation thus far, weighs against a finding that [Defendant's] default was willful.'" *See, e.g.*, *Gilead Scis., Inc.*, 2026 WL 1899866, at *18 (quoting *Veeraswamy*, 765 F. Supp. 3d at 189 and citing *Puddu v. 6D Glob. Techs., Inc.*, No. 15-cv-8061, 2020 WL 2833852, at *4 (S.D.N.Y. May 31, 2020) ("While it may have been careless or even grossly negligent for [Defendant] . . . to sit by and await service of the pleadings having been made aware of the fact that he had been named as a Defendant in this action, the Court cannot conclude—in light of his explanations and resolving all doubts in his favor—that [Defendant's] actions rise to the level of willfulness.")). Defendant "is also proceeding *pro se*, which creates

[5] Plaintiff responds that service was properly completed because (1) the photograph Defendant submitted shows that the papers were bound and affixed to his door, and (2) service by mail is to be sent to a "last known residence," and not "Defendant's preferred mailing address or a post box." Dkt. No. 33 at 10. The Court does not address the question of whether service was proper because Defendant's other arguments are sufficient to grant his motion to vacate the entry of default. In addition, even construing Defendant's papers with solicitude because he is proceeding *pro se*, he provided this information as part of an explanation of why the entry of default should be vacated, and did not argue that service was not proper in the paragraph articulating his motion to dismiss. *Id.* at 3.

complications even for the most well-resourced and educated of litigants representing themselves." *Doe v. Rees*, No. 23-cv-1352 (ECC/ML), 2025 WL 2323438, at *3 (N.D.N.Y. Aug. 12, 2025). This factor, therefore, weighs in favor of vacating the entry of default.

**B. Prejudice**

Defendant argues that Plaintiff has identified no cognizable prejudice that would merit denying his motion. *See* Dkt. No. 38 at 8. Plaintiff argues that it "would be prejudiced by vacating the default," because Plaintiff "has already litigated this action for over a year and advance[d] substantial sums on the property while Defendant lives there free of charge." Dkt. No. 33 at 11.

Here, Plaintiff's prejudice argument relies on delay, and "delay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Henry*, 108 F.4th at 52 (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citations omitted)). *See also Veeraswamy*, 765 F. Supp. 3d at 190 ("At bottom, [Plaintiff's] claimed prejudice amounts to complaints associated with prolonged litigation and additional costs—complaints that are insufficient to establish prejudice that would override a request to set aside a default.") (collecting cases). This factor therefore weighs in favor of vacating the entry of default.

**C. Meritorious Defenses**

Defendant argues that "genuine issues of material fact exist in this case," including a "check that demonstrates a payment made that is not reflected in the mortgage ledger," and cites to *Carter v. Syracuse City Sch. Dist.*, 850 F. App'x 22 (2d Cir. 2021). Dkt. No. 29 at 3, 6. Plaintiff responds that Defendant only presents a "vague claim" in the form of the check, and Plaintiff fails to "lay any foundation regarding this exhibit" or explain "how the check . . . [is] a defense to this foreclosure action . . . ." Dkt. No. 33 at 5.

"'A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense.'" *Gilead Scis., Inc.*, 2026 WL 1899866, at *18 (quoting *Enron Oil Corp.*, 10 F.3d at 98) (alteration omitted). "'The Second Circuit has stated that a defense is meritorious if it is good at law so as to give the fact-finder some determination to make.'" *Id.* (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)) (cleaned up). "'Likelihood of success is not the measure'; 'allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Id.* (quoting *Weisel*, 197 F.R.D. at 239) (cleaned up). "'A defendant seeking to vacate a default need only meet a low threshold to satisfy [the meritorious defense] factor.'" *Id.* (quoting *U.S. Commodity Futures Trading Comm'n*, 2017 WL 3236441, at *3).

Although Defendant "has not established his defenses conclusively, he has 'present[ed] evidence of facts' and legal authorities that may potentially 'constitute a complete defense.'" *Gilead Scis., Inc.*, 2026 WL 1899866, at *19 (quoting *Sardarian v. Fed. Emergency Mgmt. Agency*, No. 19-cv-910, 2020 WL 1542374, at *6 (D. Conn. Jan. 9, 2020)). "'Additionally, and under the liberal pleading standard afforded to documents filed by a *pro se* litigant, Defendant's submissions are above conclusory denials which a factfinder could evaluate.'" *Id.* (quoting *Veeraswamy*, 765 F. Supp. 3d at 190) (cleaned up). Defendant has established that he may have valid defenses. This factor therefore weighs in favor of vacating the default.

**D. Equitable Factors**

"Finally, entry of default would result in 'a harsh or unfair result' by denying [Defendant] 'the opportunity to defend the action on the merits.'" *Id.* (quoting *Raheim v. N.Y.C. Health & Hosps. Corp.*, No. 96-cv-1045, 2007 WL 2363010, at *6 (E.D.N.Y. Aug. 14, 2007)); *see Veeraswamy*, 765 F. Supp. 3d at 191 ("[u]pholding Defendant's default, especially for a *pro se* party, would 'bring about a harsh or unfair result.'") (quoting *Enron Oil*, 10 F.3d at 960).

Moreover, when a defendant "has repeatedly participated in litigation since filing," *id.*, "it would appear non-sensical to enter default judgment against a defendant who is actively litigating his case." *Gilead Scis., Inc.*, 2026 WL 1899866, at *19.

After carefully considering all of the relevant factors, including the preference for deciding cases on the merits, Defendant's motion is granted, and the entry of default is vacated. As a result, Defendant's request for leave to file a late answer is granted.

## III. MOTION TO DISMISS

Defendant also moves to dismiss the case "because the Plaintiff has engaged in forum shopping by filing the instant action in Federal Court," "circumvent[ed] New York State Law requiring residential foreclosure cases to go through a Settlement Conference part pursuant to [New York Civil Practice Law and Rule (N.Y. C.P.L.R.) §] 3408," and "failed to negotiate with me in good faith as required." Dkt. No. 29 at 3. Defendant also requests "that the court assign a magistrate judge to preside over a settlement conference so that I can work with the plaintiff on a settlement to preserve my family's home." *Id.* Plaintiff responds by arguing that N.Y. C.P.L.R. § 3408 is inapplicable to this case, that the Court is "entirely capable to holding conferences regarding settlement," and "[Federal Rule of Civil Procedure] 16 specifically include[s] facilitating settlement in the scope of conferences with the Court, should the Court deem the same appropriate." Dkt. No. 33 at 11–12.

Regarding Defendant's allegation of forum shopping, "courts 'should begin with the assumption that the plaintiff's choice of forum will stand[.]'" *Sociedad Concesionaria Metropolitana Du Salud S.A. v. Webuild S.P.A.*, No. 24-cv-2043, 2026 WL 84524, at *8 (D. Conn. Jan. 12, 2026) (quoting *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71 (2d Cir. 2001) (en banc)). "While a plaintiff may not harass or oppress a defendant by selecting a vexatious forum, the Court of Appeals has explained that 'our legal system has traditionally deferred to the plaintiff's choice

of forum, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Moody's Invest. Serv., Inc., Moody's Analytics, Inc., and MIS Quality Mgmt. Corp. v. Stamdata AS*, No. 25-cv-3172, 2026 WL 2949372, at *6 (S.D.N.Y. Sept. 30, 2026) (quoting *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004)) (cleaned up). "The plaintiff's choice of forum thus stands unless the defendant satisfies its burden of demonstrating otherwise." *Id.* (citing *Iragorri*, 274 F.3d at 71).

Here, Defendant has not met his burden of establishing that Plaintiff's choice of forum should be disturbed because he has not provided any legal authority or factual support for his argument that Plaintiff is "forum shopping" and "circumventing New York State Law." Dkt. No. 29 at 3. As a result, Defendant's argument fails.

Defendant also argues that Plaintiff "has failed to negotiate . . . in good faith as required" by N.Y. C.P.L.R. § 3408. *Id.* But, as Plaintiff notes, N.Y. C.P.L.R. § 3408 "is not an available defense in federal court." *CWS Invest., Inc. v. Manners*, No. 23-cv-2188, 2025 WL 2374314, at *2 (E.D.N.Y. Aug. 15, 2025). Moreover, Defendant points to nothing in the record that would support a finding of bath faith.

Finally, regarding Defendant's request "that the court assign a magistrate judge to preside over a settlement conference" to "work with the plaintiff on a settlement to preserve [Defendant's] family's home," Dkt. No. 29 at 3, Magistrate Judge Stewart has been assigned to this matter, and the *Pro Se* Handbook outlines the process to request a settlement conference. A copy of the *Pro Se* Handbook was sent to Defendant on June 4, 2026. *See* Dkt. No. 19.[6]

---

[6] The *Pro Se* handbook is also available at https://www.nynd.uscourts.gov/sites/nynd/files/Pro%20Se%20Handbook_011224_Final.pdf.

Accordingly, even reviewing Defendant's motion to dismiss in light of his *pro se* status, his motion to dismiss is denied. As a result, Defendant's answer is due two weeks from the date this Memorandum-Decision and Order is filed, which is November 6, 2026.

## IV. MOTION FOR DEFAULT JUDGMENT

Given that Defendant's motion to vacate the Clerk's entry of default is granted, Plaintiff's motion for default judgment is denied.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to vacate the Clerk's Entry of Default, Dkt. No. 29, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to vacate the Clerk's Entry of Default, Dkt. No. 12; and it is further

**ORDERED** that Defendant's motion to dismiss, Dkt. No. 29, is **DENIED**; and it is further

**ORDERED** that Defendant's request for leave to file a late answer is **GRANTED**, and the answer is due on **November 6, 2026**; and it is further

**ORDERED** that Plaintiff's amended motion for default judgment, Dkt. No. 16, is **DENIED**; and it is further

**ORDERED** that the Clerk of Court terminate Defendants John Doe #1 through John Doe #2; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Elizabeth C. Coombe
U.S. District Judge